**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF SOUTH DAKOTA**

**MONARCHY RUSH NO MORE RV RESORT, LLC,**
        **a Nevada corporation,**

        **Plaintiff,**

**vs.**                                   **No.**   5:24-cv-5035

**BLACK HILLS TITLE, INC.,**
        **a South Dakota corporation,**

**&**

**PIONEER BANK & TRUST,**
        **a South Dakota corporation,**

        **Defendants.**

## COMPLAINT FOR DAMAGES

COMES NOW PLAINTIFF, MONARCHY RUSH NO MORE RV RESORT, LLC, by and through its attorney, A. Blair Dunn, Esq. for its Complaint against Defendants Black Hills Title, Inc. & Pioneer Bank & Trust and states:

## PARTIES

1.     Plaintiff Monarchy Rush No More RV Resort, LLC is a Nevada corporation doing business in the State of New Mexico, County of Bernalillo at 1220 5th St. NW, Albuquerque, New Mexico.

2.     At all times relevant to this Complaint, Plaintiff maintained an office in Albuquerque, New Mexico.

3.     At all times material to this Complaint, Defendants Black Hills Title, Inc. & Pioneer Bank & Trust are corporations doing business in the state of South Dakota.

## JURISDICTION AND VENUE

4.     This Court has jurisdiction over this action pursuant to 28 USC 1332 in that the parties are diverse and the amount in controversy exceeds the jurisdictional amount of $75k, including punitive damages and attorney's fees, and jurisdiction is also state law claims pursuant to 28 USC 1367.

5.     Venue is proper in this Court pursuant to 28 USC 1367(b)(1) and (b)(2).

## FACTUAL BACKGROUND

6.     Plaintiff and CM Parks & Recreation, Inc. d/b/a Rush No More RV Resort entered into an Agreement on or about May 17, 2022.  The parties then entered into an Amended Agreement on July 25, 2022 that superseded the prior Agreement.  (See Exhibit 1, attached).

7.     A condition of the Agreement was for the Plaintiff to deposit the amount of Fifty-Seven Thousand Dollars ($57,000.00) into a title insurance company for escrow.

8.     Plaintiff received wiring instructions from Defendant Black Hills Title to wire funds to Pioneer Bank & Trust.  Plaintiff reviewed the website of said title insurance company, which clearly listed that Black Hills Title Insurance was a title and escrow company.  Specifically, Black Hills Title Insurance stated, "we offer exceptional title insurance and escrow closing services".  (See Exhibit 2, attached).

9.     Unbeknownst to the Plaintiff, Defendant Black Hills Title is not licensed by the South Dakota Real Estate Commission as an escrow company or title company. Plaintiff deposited said amount timely.

10.     Pursuant to an Addendum to the Amended Agreement signed July 25, 2022, sellers and buyer agreed to purchase a property in Sturgis, SD.  The parties were set to close on October 19, 2022.  (See Exhibit 3, attached).

11.      Unfortunately, the contemplated sale did not close, because the sellers' tax returns showed a significant change from the previous year, and said taxes were delivered approximately 10 days prior to closing.

12.     The aforementioned agreement had a clause about a failure to close. Specifically, the Agreement stated:

> 5. Failure to Close. **If Purchaser fails to perform the duties of this Agreement within the time set forth herein and *said failure is not excused hereunder*, then Seller shall be entitled to retain the Earnest Deposit** set forth above, the same to be considered liquidated damages and shall be Seller's exclusive remedy for Purchaser's failure to perform this Agreement. **If Seller fails to perform any of the obligations created by this Agreement, then at Purchaser's option: (i) Purchaser may obtain specific performance of this Agreement, or (ii) the Earnest Deposit may be returned to Purchaser, which shall then be Purchaser's exclusive remedy for Seller's failure to perform this Agreement.**

See Exhibit 1.

13.     The applicable clause of this agreement requires an investigation as to what "said failure is not excused hereunder".  Plaintiff was not contacted by defendants to determine if there was an excusal or basis for the failure to close.

14.     Pursuant to paragraph No. 11(d) of said agreement, Sellers were to provide all tax returns.

> 11(d). Taxes. *All tax returns (federal, state and local) required to be filed and known to Seller have been filed and all taxes due and payable thereon and all other taxes due and payable on or before the date of this Agreement have been paid.*  No tax deficiency has been assessed against Seller nor are Seller's federal or state withholding, sales or other tax returns subject to any adverse action

on the part of any taxing authority, nor have any agreements been made by Seller for the extension of time for the assessment of any tax. There are no known liens against the Real Property or any portion thereof for improvements, taxes, or otherwise. There are no claims pending to the knowledge of Seller which would result in the creation of any such liens, including but not limited to, liens for water, street, electrical current, or improvements in progress.

See Exhibit 1.

12. For at least 4 months prior to October, 2022, the Buyer's lender had been attempting to obtain Seller's taxes for the previous year. During the course of the transaction, Buyer had to extend closing for a few reasons, one of which was the release of taxes.

13. Pursuant to paragraph No. 15, the obligations of the Plaintiff was contingent upon the actions of the Seller. Specifically, Paragraph 15 states:

15. Conditions Precedent to Purchaser's Obligations. **All obligations of Purchaser in this Agreement are subject to the fulfillment of each of the following conditions prior to or at Closing**: a. Accuracy of Representations. **The written representations of Seller contained in this Agreement and the information contained in all exhibits, certificates, documents and other writings delivered to Purchaser pursuant hereto shall be deemed to have been made and delivered again at the Closing and all shall then be true and complete in all material respects. Seller shall have performed and complied with all agreements and conditions required by this Agreement to be performed or complied with by them prior to or at the Closing.** Purchaser shall have been furnished with certificates of appropriate officers of Seller and of Shareholders, dated the Closing date, certifying in such detail as Purchaser may reasonably request to the fulfillment of the foregoing conditions. b. No Adverse Changes. **There shall have been no material adverse changes in the Business of Seller, including without limitation, changes with respect to the operation and management of Seller and the sources and manner of payment of its income**.

See Exhibit 1.

14. Approximately two weeks prior to closing, Sellers finally produced the tax returns for the previous year. Upon review of said returns, the park suffered a decrease of revenue and corresponding decrease in substantial income from the previous year, which then caused problems with the closing and final underwriting.

15. As the closing was to occur on October 19, 2022, Plaintiff ultimately rejected the Agreement. Pursuant to paragraph No. 7, Plaintiff could reject the Agreement and/or disclosures on or before closing.

> 7. Inspection of Books, Licenses and Permits. Seller shall permit Purchaser during reasonable business hours and at Purchaser's expense to review, copy and audit all of Seller's books and records pertaining to the Assets and the operation of the Business, provided all such examinations of these and other due diligence work is held in the strictest confidence. During this time period, Purchaser shall have the opportunity to physically inspect and/or to conduct such other investigation and analysis as it may deem to be necessary and/or appropriate to confirm the existence and condition of the Assets, to complete the inventories and schedules of furniture, fixtures, equipment and personal property to be sold and transferred hereunder and to confirm the existence, current status and transferability of all permits, licenses and consents necessary and/or appropriate for the operation of the Business. **Toward this end, but not limiting the generality of the foregoing, Purchaser shall have access to all insurance policies, utility bills, real property tax bills, propane gas bills, vending, leases/contracts with both transient and seasonal guests (including name), deposit receipts, rate schedules, federal and state income and sales tax returns relating to the Business, all for a period of at least two (2) years** along with all applications, permits and/or licenses, including but not by means of limiting the foregoing, those relating to the operation of the campground, the well and well water testing, and all documentation relating to the same for at least the last two (2) years. **The Seller agrees to use all reasonable efforts to make the above documentation, information and evidence available to the Purchaser immediately upon execution of this Agreement and will assist the Purchaser as may be necessary in explaining, clarifying and/or elaborating upon the same.** Seller shall use such reasonable efforts, provide additional and supplemental documentation to the extent necessary and/or necessary to complete their due diligence. **This Agreement and the obligations of the parties hereunder shall be subject to and contingent upon the Purchaser**

**accepting the documentation set forth above prior to the end of said thirty (30) day period and notifying the Seller in writing that such documentation, information and evidence has been accepted, conditionally accepted, or rejected pursuant to this paragraph of the Agreement.** Failure to so communicate shall be deemed acceptance of same. **In the event of conditional acceptance, Seller shall have a ten (10) day period in which to provide additional documentation to satisfy Purchaser regarding the same and/or to agree to rectify any deficiency on terms and conditions satisfactory to Purchaser. If Purchaser rejects, the proposed resolution of any conditional acceptance or if Purchaser rejects, the documentation provided pursuant to this Section 7, the Purchaser may declare this Agreement to be null and void and of no further force and effect. In such event, the _Earnest Deposit made hereunder shall be returned to the Purchaser._**

See Exhibit 1.

15.     Buyer did not have the opportunity to accept or reject the previous year's tax returns, as the seller did not provide said returns timely.  Said returns were provided approximately 10 days prior to closing.  Consequently, buyer rejected the tax returns and exercised the options as listed above.  However, Defendants Black Hills Title and/or Pioneer Bank & Trust made the decision to distribute the earnest money without contacting buyer.

16.     On October 19, 2022, both Defendants and Plaintiff submitted mutual rejections of the Agreement, for different reasons.

17.     The Sellers sent Plaintiff a Release of Earnest Deposit, which Plaintiff rejected, as Plaintiff had already rejected the deal pursuant to the Agreement.  (See Exhibit 4).

18.     However, Defendants reviewed the Purchase Agreement and made a determination that the failure to close was not excused, pursuant to paragraph 5.  How Pioneer Bank & Trust and/or Black Hills Title made that determination without contacting the buyer is beyond comprehension.  Even the sellers knew that they needed a written release, which was submitted on 10/19/22 and rejected.

19.	Consequently, the lender could not close on the property with recently delivered tax returns that reflected a significant reduction in revenue from the previous year.  Rather than have the sellers provide an explanation, which is contemplated in the agreement, no contingencies were followed.  Rather, the earnest money was arbitrarily released to the Sellers without the consent of the Plaintiff.

20.	Upon review of South Dakota Real Estate Commission's previous declaratory rulings, it appears that Pioneer Bank & Trust and/or Black Hills Title should have, at a minimum, at least investigated why the transaction did not close.  (See Exhibit 5)

21.	Plaintiff sought to have the matter adjudicated by the South Dakota Real Estate Commission by submitting a Complaint.  However, as Defendants are not licensed by the South Dakota Real Estate Commission, they are not subject to oversight or regulation, thus there was no jurisdiction.

22.	As contemplated in the Agreement, the failure to close the transaction does not automatically result in a release of earnest money to the sellers.

23.	Rather, if the Sellers fails to provide tax returns and/or other financial information, the Plaintiff could reject the Agreement and (i) Plaintiff may obtain specific performance of this Agreement, or (ii) the Earnest Deposit may be returned to Plaintiff, which shall then be Plaintiff's exclusive remedy for Seller's failure to perform the Agreement.

24.	Despite requests for explanation and what specific articulate facts were relied upon by Black Hills title in making the decision to release funds to the sellers, Dan Rowe has smugly stated that Black Hills Title is not licensed by the Real Estate Commission of South Dakota.

25.     Plaintiff had asked what representative of Defendant Black Hills had carefully read the agreement and interpreted all relevant portions to determine if the sellers violated the agreement or the buyer.

26.     Had the lender have been contacted, it would have been clear that the untimely disclosure of the tax returns resulted in a material adverse change.  The parties would have been forced to determine/explain the reason(s) for the change and the Purchaser would have had options pursuant to the agreement.  However, Defendants Pioneer Bank & Trust and/or Black Hills Title reviewed the Agreement and simply made a decision upon the request/favor asked by Sellers and said money was released to Sellers.

### First Claim for Relief:  Breach of Fiduciary Duty

27.     Plaintiff realleges paragraphs above as if set forth in full herein.

28.     By depositing the amount of Fifty Seven Thousand dollars ($57,000.00) into an escrow account owned by Defendant Black Hills and maintained by Defendant Pioneer, Plaintiffs reposed faith, confidence and trust in said Defendants.

29.     Plaintiff was in a position of inequality, dependence, weakness or lack of knowledge over said funds.

30.     Upon said deposit, both Defendants exercised dominion, control and/or influence over Plaintiff's funds.

31.     As such, Defendants were acting as Plaintiff's fiduciary, by holding said funds in escrow.

32.     Defendants breached their fiduciary duty to Plaintiff by releasing funds in a matter not contemplated by the Agreement.

33.    As a result of Defendants' actions, Plaintiff has suffered harm in an amount to be determined at trial.

### Second Claim for Relief:  Violation of the Unfair Trade Practices Act

34.    Plaintiff realleges the paragraphs above in full.

35.    Defendants held themselves respectively, as a Title Insurance and Escrow Company and a banking institution.  (See Exhibit 6).

36.    In the conduct of accepting, holding and distributing Plaintiff's earnest money deposit for a Purchase Sales Agreement, Defendants violated the Deceptive Trade Practices & Consumer Protection Act (SDCL § 37-41-1 *et seq.*).

37.    As stated previously, Defendant Black Hills title advertises that it "exceptional title insurance and escrow closing services".  However, Defendant Black hills does not disclose that said escrow closing services are not monitored, overseen or regulated by the South Dakota Real Estate Commission.  (See Exhibit 6).

38.    Plaintiff has been damaged by Defendants' violations, and is entitled to recover these damages in an amount to be proven at trial.

### Third Claim for Relief:  Negligence

39.    Plaintiff realleges the paragraphs above in full.

40.    All named Defendants owe a duty of reasonable and ordinary care to ensure earnest money deposited by a buyer in a real estate transaction is properly distributed to the proper party as contemplated in the purchase sale agreement.

41.    Defendants' failure to perform that duty constituted a breach of that duty.

42.    As a direct and proximate result of the Defendants' actions, Plaintiff has been harmed is entitled to damages in an amount to be proven at trial.

43.    The acts of Defendants alleged herein were willful, wanton, reckless and intentional, thereby entitling Plaintiff to an award of punitive damages.

### Fourth Claim for Relief:  Negligent Misrepresentation

44.    Plaintiff realleges the paragraphs above in full.

45.    Defendants are liable for damages proximately caused by Defendants' negligent misrepresentations.  Such misrepresentations include but are not limited to:

    a.    Deceiving Plaintiff about its "exceptional title insurance and escrow closing service when it knew, or should have known, that it did not possess licensure or oversight by the South Dakota Real Estate Commission;

46.    Defendants knew or should have known of the falsity of the representations.

47.    Defendants did not exercise ordinary care in obtaining or communicating the information conveyed.

48.    Defendants should have reasonably foreseen that Plaintiff would be harmed if the information conveyed was incorrect or misleading.

49.    Plaintiff justifiably relied on the information.

50.    As a direct and proximate result of the Defendants' actions, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

51.    The acts of Defendants alleged herein were willful, wanton, reckless and intentional, thereby entitling Plaintiffs to an award of punitive damages.

### Fifth Claim for Relief:  Fraud

52.    Plaintiff realleges the paragraphs above in full.

53.     Defendants are liable for damages proximately caused by Defendants' fraudulent misrepresentations about the "exceptional title service and escrow closing services";

54.     Defendants knew or should have known of the falsity of the representation.

55.     The acts of Defendants alleged herein were made with the intent to deceive and to induce Plaintiff to rely on the representations.

56.     Plaintiff did in fact rely on the representations during the course of the transactions.

57.     As a direct and proximate result of the Defendants' actions, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

58.     The acts of Defendants alleged herein were willful, wanton, reckless and intentional, thereby entitling Plaintiffs to an award of punitive damages.

### Sixth Claim for Relief:  Civil Conspiracy

59.     Plaintiff realleges the paragraphs above in full.

60.     A conspiracy between the Defendants existed.  Defendants knew or should have known of the existence of the Purchase Agreement and its terms regarding cancellation.

61.     Specific wrongful acts were carried out by the Defendants.  Such acts include, but are not limited to: breach of contract, fraud, wire fraud, breach of unfair practices, concealment of funds, failure to provide payment, failure to provide accounting, laundering of funds to other subsidiaries and co-mingling of funds to hide records.

62.     As a direct and proximate result of the Defendants' actions, Plaintiff has been harmed and is entitled to damages in an amount to be proven at trial.

63.     The acts of Defendant alleged herein were willful, wanton, reckless and/or intentional, thereby entitling Plaintiffs to an award of punitive damages.

### Eighth Claim for Relief:  Conversion

68.     Plaintiff realleges paragraphs above in full.

69.     At least one of more of the defendants, without right or permission from Plaintiff, improperly exercised control over and converted for their own use the funds of the plaintiff entrusted to the defendants for specific purposes.

70.     Plaintiff is entitled to the immediate return of all funds.

### Nineth Claim for Relief:  Promissory Estoppel

71.     Plaintiff realleges paragraphs above in full.

72.     At least one or more of Defendants induced and/or required Plaintiff to transfer funds to Defendants, based upon at least one or more of the defendants' representation that the defendant would safekeep said funds pending closing of a real estate deal.

73.     In Plaintiff providing the funds to at least one or more of the defendants, the plaintiff reasonably relied upon at lease one or more of the defendants' promises to their significant detriment.

74.     As a consequence of Plaintiff's reasonable reliance on at least one or more of the defendants' promises, the Plaintiff has been damaged in an amount to be determined at trial.

### CONCLUSION

**WHEREFORE**, Plaintiff prays that judgment be entered in its favor, against defendants, and grant Plaintiff the following relief:

A. Compensatory damages in an amount to be determined at trial;

C. Punitive damages;

D. Pre-judgment and post-judgment interest;

E. Enter an Order requiring all defendants to provide an accounting of Plaintiff's money;

F. Attorney's fees and costs; and

G. Any additional relief that this Court deems just and proper.

Respectfully submitted,

WESTERN AGRICULTURE, RESOURCE AND BUSINESS ADVOCATES, LLP

*/s/ A. Blair Dunn*
A. Blair Dunn, Esq. (SD Bar No. 4292)
400 Gold Ave SW, Suite 1000
Albuquerque, NM 87102
(505) 750-3060
abdunn@ablairdunn-esq.com

JS 44 (Rev. 03/24)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS

MONARCHY RUSH NO MORE RV RESORT, LLC,

**DEFENDANTS**

BLACK HILLS TITLE, INC., PIONEER BANK & TRUST

**(b)** County of Residence of First Listed Plaintiff  Clark, Nevada
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Meade
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*

WARBA, LLP, 400 Gold Ave SW, Ste 1000, Albuquerque, NM 87102, 505-750-3060 (A. Blair Dunn, Esq.)

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

| | |
|---|---|
| ☐ 1 U.S. Government Plaintiff | ☐ 3 Federal Question *(U.S. Government Not a Party)* |
| ☐ 2 U.S. Government Defendant | ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)* |

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated *or* Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated *and* Principal Place of Business In Another State | ☒ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ | | **INTELLECTUAL PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander / Pharmaceutical Personal Injury | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine / ☐ 368 Asbestos Personal Injury Product | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / Liability | | ☐ 840 Trademark | ☐ 460 Deportation |
| | ☐ 350 Motor Vehicle / **PERSONAL PROPERTY** | | ☐ 880 Defend Trade Secrets Act of 2016 | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 355 Motor Vehicle Product Liability / ☐ 370 Other Fraud | **LABOR** | | ☐ 480 Consumer Credit (15 USC 1681 or 1692) |
| ☐ 160 Stockholders' Suits | ☐ 360 Other Personal Injury / ☐ 371 Truth in Lending | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 485 Telephone Consumer Protection Act |
| ☒ 190 Other Contract | ☐ 362 Personal Injury - Medical Malpractice / ☐ 380 Other Personal Property Damage | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | / ☐ 385 Property Damage Product Liability | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations / ☐ 530 General | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 540 Mandamus & Other | ☐ 465 Other Immigration Actions | | |
| | / ☐ 550 Civil Rights | | | |
| | / ☐ 555 Prison Condition | | | |
| | / ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from Another District *(specify)*   ☐ 6 Multidistrict Litigation - Transfer   ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION

Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 USC 1332

Brief description of cause:
DIspute over Improper Payment of Earnest Money

## VII. REQUESTED IN COMPLAINT:

☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $

CHECK YES only if demanded in complaint:
JURY DEMAND:   ☒ Yes   ☐ No

## VIII. RELATED CASE(S) IF ANY

*(See instructions):*   JUDGE _____   DOCKET NUMBER _____

DATE   May 30, 2024

SIGNATURE OF ATTORNEY OF RECORD   */s/ A. Blair Dunn*

**FOR OFFICE USE ONLY**

RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG. JUDGE _____