UNITED STATES DISTRICT COURT
DISTRICT OF SOUTH DAKOTA
WESTERN DIVISION

| | |
|---|---|
| MONARCHY RUSH NO MORE RV RESORT, LLC, a Nevada corporation;<br><br>Plaintiff,<br><br>vs.<br><br>BLACK HILLS TITLE, INC., a South Dakota corporation;<br><br>Defendant and Third Party Plaintiff,<br><br>ECM PARKS AND RECREATION, INC.;<br><br>Third Party Defendant. | 5:24-CV-05035-CBK<br><br>ORDER |

    Plaintiff filed a motion (Doc. 49) to amend its complaint with a supporting memorandum (Doc. 50). In both documents, plaintiff submitted a caption with no reference to Pioneer Bank & Trust, an entity sued originally by plaintiff. Plaintiff had earlier agreed to a dismissal of all its claims against the bank and the bank agreed to dismiss its counterclaims against plaintiff. Thus, there were no remaining claims between plaintiff and the bank. Judge Piersol approved these actions although it does not appear that a formal judgment as such was entered to so order. However, all parties have agreed that the bank is no longer a party in this case. In the proposed Order to grant the motion to amend Doc. 49, plaintiff now shows the bank as a defendant/counterclaimant. This is not to be permitted.

    The motion to amend is, at least in part, a curious document. There is no mention made of the fact that plaintiff is seeking to bring the bank back into this lawsuit, i.e. add a defendant. Plaintiff seeks to add a claim charging the bank with a breach of the so-called implied covenant of good faith and fair dealing. Plaintiff claims that the bank negotiated for a stipulation of dismissal and then used some language to advance a claim "in contravention" of the stipulation's broad release language. Plaintiff seeks to advance a claim that the bank hired a lawyer (as it

certainly had the right to do) to perform those breaches. Plaintiff seeks to recover money from the bank. All of this fails to state a cause of action upon which relief may be granted. Courts in South Dakota have long held that there is no separate tort cause of action for an alleged breach of the covenant of good faith and fair dealing. Haanen v. N. Star Mut. Ins. Co., No. 1:16-CV-01007-CBK, 2016 WL 6237806, at *2 (D.S.D. Oct. 25, 2016).

Plaintiff and all other parties have been told by the Clerk's office to obtain a copy of the Court's standard operating procedures (SOP). Apparently, plaintiff's lawyer failed to do so. In the alternative, he did read them and consciously decided to violate them.

Paragraph 20 of the SOP states as follows: "If you are seeking to drop or add a party, proceed under Fed.R.Civ.P. §21. Too often, counsel try to add a party by amending the complaint. This is improper. Pleadings and Motions are dealt with under Part III of the Federal Rules. Parties are dealt with under Part IV of the Rules. You can certainly move to add a party under Rule 21 and, contingent upon such motion being granted, move for leave to serve and file an amended complaint." Plaintiff has violated this provision. Based upon this violation and the fact that the proposed amendment does not state a cause of action upon which relief may be granted, the motion should be denied.

Now, therefore, IT IS ORDERED that the motion at Doc. 49 is denied.

DATED this 19th day of November, 2025.

BY THE COURT:

CHARLES B. KORNMANN
United States District Judge